IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARY CAROLYN BAILEY**                                                                                     **PLAINTIFF**

**v.**                              **Case No. 4:21-cv-00612-JM**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT and**
**CHARLES MCNULTY, Individually and as Superintendent**              **DEFENDANTS**

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Statement of Undisputed Material Facts, state:

1.  This is an employment discrimination case.  Plaintiff also brings claims of defamation and common law negligence.

2.  Plaintiff, a white female, is an administrator at PCSSD, serving as assistant principal and principal at Robinson High School ("Robinson") for 13 years, until her reassignment to a district-level administrator position starting with the 2020-2021 school year due to Plaintiff's performance deficiencies, which is the basis for this action.  *See* Complaint.

3.  Plaintiff alleges her replacement as Robinson principal, a male, is paid more than her in violation of the Equal Pay Act of 1963[1], that she was discriminated against on the account of her sex (female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101 and in violation of 42 U.S.C. § 1983.  *See* Compl.

---

[1] In Plaintiff's cause of action under the Equal Pay Act, she also references the Equal Employment Opportunities Act of 1972 and 1995, 42 U.S.C. § 2000e-16, but that statute is only applicable to federal employees, which Plaintiff is not, as that statute was an extension of Title VII of the Civil Rights Act to federal employees.  *See Brown v. GSA*, 425 U.S. 820, 96 S. Ct. 1961 (1976).  Plaintiff is covered under Title VII so PCSSD will analyze that cause of action in this Motion.

4. PCSSD is a school district providing educational services to students in grades K-12. PCSSD is a party to the long-running school desegregation case that recently culminated in a two-week trial in the summer of 2020 before the Honorable Price Marshall on PCSSD's unitary status. 4:82-cv-00866-DPM.

5. Dr. Charles McNulty, a white male, is the superintendent and was the final decision-maker for all employment decisions related to Plaintiff at issue in this case.

6. On March 5, 2020, Plaintiff received a written reprimand from Dr. McNulty related to performance issues at Robinson. *See* March 5, 2020 Letter, attached to the Motion as Exhibit 1.

7. The March 5, 2020 reprimand related to inappropriate discipline of a Robinson student who was in possession of drugs and tools that could be used to distribute drugs. *Id*.

8. Dr. McNulty was concerned that this was not an appropriate level of discipline for this extremely serious infraction and that Plaintiff allowed the discipline as the building principal. *Id*. There were also concerns in the reprimand that Plaintiff allowed the lesser discipline because the student was a high-ranked and prominent student athlete. *Id*.

9. Plaintiff alleges that she had discretion as the building principal on matters of discipline and that it was actually the assistant principal, not her, who administered the discipline, and the male assistant principal received no reprimand for his involvement. Complaint at ¶¶ 12-15.

10. The male assistant principal was disciplined and received the very same disciplinary reprimand and improvement plan that Plaintiff received. *See* March 5, 2020 Letter to Assistant Principal, name redacted, attached to the Motion as Exhibit 2.

11. The performance issues by Plaintiff continued, and on April 28, 2020, she received another written reprimand and a ten-day suspension without pay related to her ongoing

performance issues as Robinson principal.  *See* April 28, 2020 Letter, attached to the Motion as Exhibit 3.

12.     The April 28, 2020 reprimand noted Dr. McNulty's ongoing concern over the inappropriate discipline of the student-athlete involving drugs and an additional issue over Plaintiff's deficient teacher observations.  *Id*.

13.     As outlined in the April 28, 2020 reprimand, Plaintiff allowed an "acting" assistant principal to perform a teacher classroom observation and then enter the observation notes into the District's teacher observation monitoring system – EdReflect – despite this administrator not having the appropriate credentials or state-required qualifications to perform this sensitive task. *Id*.

14.     Plaintiff later admitted in her grievance with the District and in her deposition that she was under the "mistaken belief" that the acting assistant principal could perform observations. *See* Deposition of Plaintiff at pp. 30-40 and Grievance Document dated May 14, 2020, attached to the Motion as Exhibits 4 and 5, respectively.

15.     Following the reprimand and suspension that was initiated on April 28, 2022, Plaintiff initiated a grievance of her suspension under PCSSD's grievance policy.  *See* Ex. 5, Grievance Letter.

16.     Plaintiff voluntarily abandoned her grievance before it reached the level of the PCSSD school board.  *See* Ex. 4 at pp. 24-25, Plaintiff's Deposition.

17.     Plaintiff currently serves PCSSD as the Learning Services Liaison, a District-level administrative position that is housed in the District's central office.  *See* Ex. 4 at p. 6, Plaintiff's Deposition.

18.     Plaintiff reports to both the Deputy Superintendent and the Director of Learning Services.  *Id.*

19. Plaintiff testified in her deposition that she no longer wanted to be returned to the Principal at Robinson, but wanted "to continue to be an employee in Pulaski County Special School District in an administrative role." *Id*. at p. 8.

20. The District pays its employees, including Plaintiff, according to a salary schedule. *See* PCSSD Salary Schedule, attached to the Motion as Exhibit 6.

21. In Plaintiff's current administrative role, she is paid according to the PCSSD salary schedule and performs job duties as outlined in the Plaintiff's job description, which lists her as a "Certified Administrative Job Classification" with the same contract days she had as a principal—244. *See* Plaintiff's Job Classification, attached to the Motion as Exhibit 7.

22. Plaintiff's pay never decreased following her reassignment from Robinson Principal to District Administrator, but actually increased. *See* 2019-2020 and 2020-2021 Contracts, attached to the Motion as Exhibits 8 and 9, respectively.

23. Pursuant to Plaintiff's 2020-2021 contract, she began her new administrative role the start of the 2020-2021 contract year—July 1, 2020.

24. Plaintiff signed her 2020-2021 contract on May 18, 2020. *See* 2020-2021 Contract, Ex. 9.

25. Plaintiff her EEOC Charge on December 10, 2020 and was issued a Dismissal and Notice of Rights Letter on April 12, 2021 and filed this Complaint on July 8, 2021. *See* Plaintiff's EEOC Charge and EEOC Dismissal and Notice of Rights letter, Exhibits 10 and 11, respectively.

26. Plaintiff does not allege retaliation or hostile work environment as the basis for her discrimination under her Title VII or ACRA claims in her Complaint.

27. In Plaintiff's EEOC Charge, she only checked the box for discrimination based on retaliation and "other," which Plaintiff then described in her Charge as a "hostile work environment." *See*. Ex. 10.

28. Plaintiff did not check the box for "Sex" in her Charge and nowhere in her Charge under the narrative does she reference that her alleged discrimination is on the basis of her sex. *See*. Ex. 10.

29. Plaintiff provides no direct evidence of sex discrimination.

30. PCSSD adamantly denies that Plaintiff was discriminated against in violation of applicable law.

31. Plaintiff's claim of defamation is limited to one single event when Plaintiff alleges McNulty and PCSSD defamed her when it published a false statement about her on May 4, 2020.

32. Plaintiff defamation claim is referring to the email announcement from the PCSSD communications department regarding the principal change at Robinson, attached to the Motion as Exhibit 12.

        Respectfully submitted,

        BEQUETTE, BILLINGSLEY & KEES, P.A.
        425 West Capitol Avenue, Suite 3200
        Little Rock, AR 72201-3469
        Phone: (501) 374-1107
        Fax: (501) 374-5092
        Email: jbequette@bbpalaw.com
        Email: ckees@bbpalaw.com

By:    **W. Cody Kees**
        Jay Bequette, Ark. Bar #87012
        W. Cody Kees, Ark. Bar #2012118

*Attorneys for Defendants*