IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARY CAROLYN BAILEY                                                                         PLAINTIFF

v.                              CASE NO. 4:21-cv-00612-JM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT
AND CHARLES MCNULTY, Individually and as
Superintendent                                                                                   DEFENDANTS

## ORDER

Before the Court is Defendants' motion for summary judgment. (ECF No. 22). Plaintiff has responded, and Defendants filed a reply. For the reasons stated below, the motion for summary judgment is granted.

## Undisputed Facts

This case arises out of the decision by the Pulaski County Special School District ("PCCSD") and its superintendent Dr. Charles McNulty to remove Plaintiff Mary Carolyn Bailey from her position as the principal at Robinson High School ("Robinson"). Plaintiff was an assistant principal and principal at Robinson for thirteen years. On March 5, 2020, she received a written reprimand from McNulty. The reprimand expressed disapproval of the disciplinary action taken against a student who had been found in possession of drugs with possible intent to deliver. McNulty suggested that the student may have gotten off light because he was a state-ranked athlete and his participation in the state championship was on the line. While it was a male assistant principal who had determined the disciplinary action, she was faulted as the principal for "let[ing] the disciplinary action stand without consultation of the consequences at the district level." (ECF No. 22-1). The assistant principal received the same reprimand.

On March 6, 2020 Plaintiff was called out of a meeting and driven to a lab by security

officers for a random drug test. After the test was conducted, she returned to the meeting which was still in progress. The results of that drug test were negative. The reason for the drug test was not explained to Plaintiff.

After a meeting on April 28, 2020, Plaintiff was given another letter of reprimand. This time it came with a ten-day suspension without pay. The reprimand cited two incidents. One incident was the exact same disciplinary incident from the first reprimand, with no indication that there had been further concerns by the district. The second was allowing an acting assistant principal to input data into the district's teacher observation monitoring system though she was not credentialed to do so. Plaintiff initiated a grievance of her suspension under the district's grievance policy but did not take her grievance to the next level, the school board. Her grievance letter related only to the two incidents in the reprimand. (ECF No. 22-5).

Following her suspension, Plaintiff was removed from her position at Robinson and reassigned to a district-level administrator position. She filed an EEOC charge of discrimination on December 17, 2020. Her charged checked the boxes for retaliation and "other." She stated that her discrimination was based on the creation of a hostile work environment with bullying , harassment, defamation, malicious gossip, and abusive supervision beginning in March of 2020 and continuing. In the six pages attached to the charge, Plaintiff said the hostile treatment began with the March 5, 2020 letter of reprimand, which she felt was unwarranted. She described the public embarrassment of being "perp walked" from the meeting to be taken to a drug test for reasons that were never explained to her by the district. Plaintiff explained why she did not think her actions regarding the observation monitoring system should have resulted in discipline. She said she felt ambushed by the April 28, 2020 meeting at which she was told about the suspension and being reported to the State Department of Education Licensure Board or alternatively told she could quit or resign. Plaintiff complained that after her

refusal to quit that she was retaliated against by McNulty by being removed as principal at Robinson and reassigned to low-level clerical duties and given no real job assignment or place to work. Throughout this time, except for the 10-day suspension, she continued to be paid her administrator's salary.

In her complaint, Plaintiff recites the same allegations from her EEOC charge. For her causes of actions, she sets out four claims: (1) violations of the Equal Pay Act (EPA); (2) sex discrimination on the basis that she was replaced by a male principal; (3) § 1983 and the Arkansas Civil Rights Act; and (4) a state law claim for defamation.

## Legal Standard

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (quoting *Fercello v. City of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010)).

## Equal Pay Act

To establish a prima facie case of an Equal Pay Act violation, a plaintiff must establish that "women were paid less than men in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions." *Price v. N.*

*States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011) (citing *Hutchins v. Int'l Bhd. of Teamsters,* 177 F.3d 1076, 1080 (8th Cir.1999)). If that burden is met, the burden then shifts to the defendant to prove that any pay differential is based on one of these non-sex based factors: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1).

Plaintiff has satisfied her burden of establishing that she was paid less than two of the four male high school principals in the district for performing the same job duties. The district does not dispute the pay difference. However, the district established that the two comparators, the Maumelle and Sylvan Hills high school principals, were paid more based on a factor other than sex. The district had a published salary schedule for each school year showing that the district paid its employees with master's degrees, like Plaintiff and the two comparators, an increased rate for additional academic hours earned on top of their master's degrees. Plaintiff had a master's degree plus 15 hours, the males had 30 and 45 additional academic hours respectively. Defendants are entitled to summary judgment on the EPA claim.

<u>Sex Discrimination and Retaliation under Title VII</u>

Defendants argue that they are entitled to summary judgment on Plaintiff's claims for sex discrimination. In her response, she appears—ultimately[1]—to abandon her claim for sex discrimination: "[t]o reiterate, Plaintiff's Title VII count is one for retaliation based on her complaining about being singled out as a female for an investigation and drug test." (ECF No. 27 at 11). Abandoned or not, Defendants are entitled to summary judgment on Plaintiff's claim for sex discrimination for failure to exhaust her administrative remedies. "Allegations outside the

---

[1] Plaintiff alleges sex discrimination as a cause of action in her complaint and in her response discusses the elements of a prima facie case of sex discrimination.

-4-

scope of the EEOC charge … circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (citation omitted).   A civil action following the receipt of a right-to-sue letter from the EEOC "can be only 'as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.'" *Fanning v. Potter*, 614 F.3d 845, 851–52 (8th Cir. 2010) (quoting *Stuart* at 631).   As evidenced by the detailed recitation of the allegations in her EEOC charge above, nowhere did Plaintiff indicate that any hostile or discriminatory actions against her were because of her sex.

Plaintiff's claim for retaliation[2] likewise fails to survive summary judgment. In the absence of direct evidence, which Plaintiff does not allege, the Court must apply the familiar McDonnell Douglas burden-shifting framework. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). To establish a prima facie case of retaliation, Plaintiff must prove "that (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct." *See Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Plaintiff has not passed the first hurdle.   She argues now that her claim for retaliation is based on how she was treated after she complained about being singled out as a female for drug testing.   However, she has offered no evidence that she was singled out as a female.   More importantly, she offers no evidence that she complained about it to McNulty or the district.   Therefore, Plaintiff has failed create a fact question as to whether she engaged in protected conduct. Furthermore, Plaintiff did not include

---

[2] Plaintiff does not list specifically list retaliation as one of the four causes of action in her complaint. She does allege that Defendants' action became retaliatory after an April 28, 2020 meeting because she refused to resign or retire when it was offered as an option to the 10-day suspension.

allegations in her EEOC charge that she was singled for drug testing due to her sex, and this claim was not administratively exhausted.

### Remaining Claim

Plaintiff's § 1983 claim fails for the same reasons as her Title VII claim. *See Richmond v. Board of Regents*, 957 F.2d 595, 598 (8th Cir. 1992).

The Court declines to exercise supplemental jurisdiction over Plaintiff's defamation claim and—to the extent it can be argued that she made one—her claims under the Arkansas Teach Fair Dismissal Act.

### Conclusion

Defendants' motion for summary judgment (ECF No. 22) is GRANTED.

IT IS SO ORDERED this 9th day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE